IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jerry L. Scantling,<br><br>　　　　Petitioner,<br><br>v.<br><br>Warden Lieber Correctional Institution,<br><br>　　　　Respondent. | Case No.: 6:19-cv-00506-SAL<br><br>**OPINION AND ORDER** |

　　　　Petitioner Jerry L. Scantling, proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 21, 2019. ECF No. 1. Respondent filed a return and memorandum and moved for summary judgment on May 29, 2019. ECF Nos. 18, 19. Petitioner responded on September 11, 2019. ECF No. 28. On January 24, 2020, pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02 (D.S.C.), United States Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment be granted and the petition be dismissed. ECF No. 35 at 19. Petitioner filed an objection to the Report on February 7, 2020, ECF No. 37, and Respondent replied. ECF No. 39.

**I.　　Background**

　　　　The factual and procedural history of this case as described in the Report is incorporated herein by reference. *See* ECF No. 35 at 1-10. In summary, Petitioner is an inmate at the Lieber Correctional Institution. He was convicted after a jury trial in February of 2013 before the Honorable Carmen T. Mullen and sentenced to life imprisonment on one count of murder. Petitioner also received concurrent sentences for possession, concealing, or disposing of a stolen vehicle; possession of a weapon during the commission of a violent crime; and armed robbery.

1

As detailed in the Report, Petitioner sought review of his conviction and sentence on direct appeal and through collateral post-conviction relief proceedings.

In the present action, Petitioner alleges he is entitled to habeas relief because he received ineffective assistance of counsel during trial. Specifically, he claims that (1) the way his trial counsel represented him "wasn't professional . . . even his objections were untimely basic things that lawyers [are] suppose[d] to do for clients," ECF No. 1 at 5; and (2) his trial counsel never preserved any grounds to have a "fair chance for an appeal" or relief in post-conviction relief proceedings: "my trial lawyer objections were untimely. And my whole trial was unjustice . . . it's all in black and white in my motion. Best way I can understand. Ineffective assistance of counsel." *Id.* at 7. Plaintiff discusses two additional arguments in the context of why they are not exhausted, *id.* at 9-10, but did not allege them as grounds for habeas relief. *Id.* at 8, 10.[1]

The Magistrate Judge concluded that both ineffective assistance of counsel claims raised by Petitioner are too vague to satisfy Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254. ECF No. 35 at 14. The Magistrate judge likewise recommends that the two remaining grounds discussed in the context of exhaustion alone do not set forth enough detail to satisfy Rule 2(c). The Court agrees. Rule 2(c) requires habeas petitions to state the factual bases for relief with particularity. *E.g.*, *Mayle v. Felix*, 545 U.S. 644, 649 (2009). Further, although the Court must construe *pro se* pleadings liberally to permit the development of potentially meritorious claims, it is not "expected to construct full blown claims from sentence fragments . . . ." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] Petitioner also raised new grounds for habeas relief in his response in opposition to the instant motion. The Court declines to consider these arguments, although the Report went further to conclude that each new argument raised for the first time in response to summary judgment should not survive summary judgment. *See* ECF No. 35 at 16-19. "A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

In his objection to the Report, petitioner submits that his vagueness and ambiguity is attributable to his status as a *pro se* litigant. ECF No. 37 at 1. He contends that the Magistrate's denial of his motion to appoint counsel, *see* ECF Nos. 25, 26, amounts to a due process violation. Because there is no constitutional right to counsel in this matter, however, Petitioner's objection is overruled.

The Court has thoroughly reviewed the Report and the record in this case and finds no clear error. Accordingly, the Report is adopted in its entirety and Respondent's motion is granted.

## II.     Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of

3

evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In applying the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). Vague, general, or conclusory objections not directed toward any particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and presented with such objections, a court will review a report and recommendation for clear error. *See, e.g.*, *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.     Discussion

Petitioner's sole objection to the Report argues that the vagueness of the petition, which forms the basis of Respondent's entitlement to summary judgment, is a result of Petitioner's

status as a *pro se* litigant. He submits that the Magistrate Judge's denial of his motion to appoint counsel violated his due process rights. As explained in the Magistrate Judge's Order, however, the Supreme Court of the United States does not recognize a constitutional right to appointed counsel in habeas cases. "We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . . [T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (internal citation omitted). For the foregoing reason, Petitioner's objection is overruled. Finding no clear error in the Report, it is adopted in its entirety.

### IV.   Conclusion

After a thorough review of the Report, Petitioner's objection, and the record in this case in accordance with the applicable standard, the Court adopts the Report, ECF No. 35, in its entirety. Accordingly, Respondent's Motion for Summary Judgment, ECF No. 19, is GRANTED, and the Petition, ECF No. 1, is DISMISSED with prejudice and without an evidentiary hearing.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED.

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

May 22, 2020

Florence, South Carolina

5